**Marc GREENWOOD, Plaintiff–
Appellant,**

v.

**CITY OF AKRON, et al., Defendants–
Appellees.**

No. 00–4516.

United States Court of Appeals,
Sixth Circuit.

Oct. 1, 2003.

Before BOGGS, Chief Circuit Judge, KRUPANSKY, Circuit Judge; and HOOD, District Judge.*

PER CURIAM.

Marc Greenwood, a Fire Lieutenant in the Akron Fire Department, applied for a promotion to the position of Fire Captain, but was not chosen for one of seven available positions, after having been ranked as third on the eligibility list. Greenwood sued for race and religious discrimination, but the district court (a magistrate judge, by consent) granted summary judgment in favor of defendants, City of Akron, and Charles Gladman, the Fire Chief.

We agree with the district court that the City properly applied the civil service system's "Rule of Three" and that plaintiff did not produce sufficient evidence that there was a genuine issue of material fact to rebut the Department's stating of a legitimate non-discriminatory reason for its failure to promote Greenwood. We affirm.

The Department posted an announcement for appointment of seven persons to be Fire Captains. Forty-four persons applied and, based on test and other ranking criteria (70% written, 20% efficiency ratings, and 10% seniority), eligible candidates were ranked sequentially.

Under the Department procedures, the top three available candidates ("The Rule of Three") were considered for the first available vacancy. After one of those candidates was selected, the top three remaining candidates were considered for the next vacancy, and so forth. However, when a person was passed over on three successive considerations, that candidate's name was dropped from further consideration. In the end, the top thirteen candidates were considered for at least one of the vacancies. Five of the thirteen candidates considered were black. Two of the seven candidates selected were black. Three candidates were dropped from the list after having been passed over three times. Two of those persons so passed over were white, and the third, Plaintiff Greenwood, was black. The Fire Chief, Defendant Gladman, is himself black.

Plaintiff was ranked third on the overall promotion list, and was not selected. He has thus made out a *prima facie* case under the familiar *McDonnell Douglas*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

framework. However, he produces no evidence to rebut the city's legitimate non-discriminatory reason for its action.

Plaintiff produces no evidence whatsoever that the evaluation and selection processes were not conducted in strict accordance with the applicable departmental regulations, or that those processes were established as a pretext for race discrimination. Nor does he provide any evidence, statistical or otherwise, that the promotion procedures systemically discriminated against blacks. Instead, he notes that he himself was not selected, in preference to other, white, candidates. We note that on one of the three considerations, when plaintiff was not selected, Anthony Law, another black candidate, was selected. We also note that Marcus Moore, a black candidate, was the fifth person selected, after David Cross, a white candidate who was ranked higher on the list than Moore, had been dropped from consideration after being passed over three times, just as was Greenwood.

The only evidence produced of any nonconformity with employment regulations was hearsay evidence that on some other occasion, with respect to some other rule, procedures were not followed, either in the *Police Department,* or on initial hiring to the Fire Department.

This evidence, even if admissible despite its hearsay nature (which it is not, *see Mitchell v. Toledo Hospital,* 964 F.2d 577, 584 (6th Cir.1992); *State Mutual Life Assurance Co. v. Deer Creek Park,* 612 F.2d 259, 264 (6th Cir.1979)) would not create a genuine issue of material fact with respect to pretext in the consideration for these positions. For these reasons, and the fuller explanation given in the well-reasoned opinion of Magistrate Judge Gallas, we AFFIRM the judgment of the district court.